# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 2:12CR00001-004 |
|  | Case No. 2:19CR00002-001 |
| v. | **OPINION AND ORDER** |
| **EDWARD WILLIAM WALKER, IV,** | By: James P. Jones |
|  | United States District Judge |
| Defendant. | |

*Justin Lugar*, Assistant United States Attorney, Roanoke, Virginia, for United States; *Nancy C. Dickenson-Vicars*, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.

The defendant, a federal inmate, has filed motions by counsel in the above-referenced two cases seeking compassionate release from sentences imposed by this court. The motions are filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits the court to reduce a sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The defendant's motions have been fully briefed and are ripe for decision.

I.

Defendant Walker was sentenced in Case No. 2:19CR00002 on January 14, 2020, after pleading guilty to an Information charging him with being a felon in possession of a firearm (a .380-caliber pistol and ammunition). He was sentenced to 30 months imprisonment. He was also sentenced on that same day in Case No. 2:12CR00001 to a consecutive term of 18 months imprisonment for having violated his supervised release conditions by his criminal conduct involved in Case No. 2:19CR0002, as well as unlawfully using controlled substances. Walker had been originally sentenced in 2012 in Case No. 2:12CR00001 to 84 months imprisonment after having pled guilty to conspiring to distribute the controlled substance oxycodone (OxyContin and Roxicet pain pills). In 2004, Walker had been convicted in this court of being an unlawful user of a controlled substance (marijuana and cocaine) in possession of a firearm (a sawed-off shotgun) and sentenced to 33 months imprisonment. After his release from prison on that sentence, the court found twice (2008 and 2011) that he had violated conditions of his supervision and had sentenced Walker to additional prison terms of seven months and six months respectively.

Walker is 39 years old and is insulin dependent for type 1 diabetes, first diagnosed when he was 11. His current projected prison release date is January 24, 2022. He is incarcerated at FCI Elkton, in Lisbon, Ohio. FCI Elkton has been a

Covid-19 hotspot, with confirmed active cases of 118 inmates and 12 staff as of May 15, 2020. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited May 16, 2020). It appears that at least nine inmates have died there of Covid-19. Deanne Johnson, *Another Elkton prison death attributed to COVID-19*, Salem News (Salem, Ohio), May 9, 2020, https://www.salemnews.net/news/local-news/2020/05/another-elkton-prison-death-attributed-to-covid-19/.[1]

According to prison medical records, Walker was placed in isolation due to Covid-19 on April 4, 2020, and released from isolation on April 12, as "Suspect/probable COVID-19 case . . . Resolved." Mot. Reduce Sentence Ex. D, Clinical Encounter, Apr. 17, 2020, Case No. 2:19CR00002, ECF No. 41, at p. 1. On April 27, 2020, the Warden at FCI Elkton denied Walker's request for reduction in sentence under § 3582(c)(1)(A) based upon his underlying health concerns and Covid-19. Def.'s Reply Ex. B, Case No. 2:19CR00002, ECF No. 45-2.

---

[1] A class action under 28 U.S.C. § 2241 is pending in the Northern District of Ohio brought by four Elkton inmates, represented by attorneys of the ACLU of Ohio, for immediate release of suspectable class members. *Wilson v. Williams*, No. 4:20cv794-JG (N.D. Ohio). The court entered a preliminary injunction on April 22, 2020, ECF No. 22, requiring the prison authorities to evaluate and transfer out of Elkton inmates over age 65 and those with documented pre-existing conditions, including diabetes. The United States appealed the preliminary injunction and the Sixth Circuit has expedited briefing and submission of the case on the merits. *Wilson v. Williams*, No. 20-3447, Order, ECF No. 33 (6th Cir. May 8, 2020).

II.

The court may grant a § 3582(c)(1)(A) motion by an inmate "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). In its response filed May 5, 2020, the government contended that Walker had not exhausted his administrative remedies because he had applied to the Warden on April 15 and 30 days had not elapsed since that application.[2] The government argued that this requirement was jurisdictional and required denial of the motion. Gov't's Resp. 5, Case No. 2:19CR0002, ECF No. 43-1.

Of course, in fact, the Warden responded to Walker's request within the 30-day period, which has now elapsed in any event.[3]

---

[2] The present record does not contain the request for compassionate release by Walker that the government alleges was made on April 15. There is an email request made by Walker's counsel on April 8, for Walker's transfer to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, and the Attorney General's April 3, 2020, Memorandum, Def.'s Reply Ex. A, Case No. 2:19CR00002, ECF No. 45-2, but that is not what the Warden responded to on April 27

[3] In considering § 3582(c)(2), regarding retroactive amendments to the sentencing guidelines, one of the other exceptions to the statutory direction that the court may not modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequire to a motion for reduction in sentence did not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 275–76 (4th Cir. 2017) (noting that "[t]he Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as

Walker contends he should be released immediately from his two sentences of imprisonment to the three-year term of supervised release imposed in Case No. 2:19CR00002, with an added condition of a period of home confinement with his mother.[4]  While Walker agrees that he has already contracted and recovered from the disease, he asserts that it is possible that he may be re-infected.[5]

Even assuming that Walker has exhausted his administrative remedies, I do not find that his release under § 3583(c)(1)(A) is appropriate.  I certainly recognize the risk to the defendant while incarcerated, but I must also consider the sentencing factors of § 3553(a), particularly including in Walker's case the need to afford adequate deterrence and to protect the public.  Walker has spent most of his adult life as a drug user and dealer who possesses firearms, resulting in five separate federal prison sentences by the age of 39.  He has longstanding psychological issues

---

jurisdictional' before a court can treat the limitation as such.") (citing and quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)).

[4]  No term of supervision was imposed following the revocation sentence in Case No. 2:12CR00001.

[5]  As Walker agrees, there is yet no scientific consensus as to immunity, or its extent, after infection with SARS-CoV-2, the virus that causes the Covid-19 disease.  But there is hope. Mitch Leslie, *T-cells found in COVID-19 patients 'bode well' for long-term immunity*, Science Magazine, May 14, 2020, https://www.sciencemag.org/news/2020/05/t-cells-found-covid-19-patients-bode-well-long-term-immunity#.  In any event, I do consider the possibility that Walker may become infected again.

that may increase his danger to society.[6]  He has shown before that he will not obey conditions of release.  I do not believe that his release at this time will have a different result.

### III.

For the reasons stated, it is **ORDERED** that the defendant's motions, 2:19CR00002, ECF No. 36, and 2:12CR00001, ECF No. 332, are DENIED.

ENTER:  May 18, 2020

/s/  JAMES P. JONES
United States District Judge

---

[6]  Walker's Presentence Investigation Report (PSR) states that he was hospitalized in 2017 "for homicidal ideations."  PSR ¶ 64, 2:19CR00001, ECF No. 23.